IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 21-CR-245 |
| vs. | : | JUDGE SARAH MORRISON |
| BRANDON CAMPBELL, et. al. | : | |
| Defendant. | : | |

### SENTENCING MEMORANDUM
### AND
### OBJECTIONS TO PRESENTENCE REPORT

BRANDON CAMPBELL by and through undersigned counsel, hereby files his Sentencing Memorandum and Objections to the Presentence Report. Sentencing is set for August 3, 2022.

It is not expected that excludable delay under Title 18 U.S.C. Section 3161(h) will occur as a result of this motion or from an order based thereon.

DATED this 20th day of July, 2022.

Respectfully submitted,

DEBORAH L. WILLIAMS
FEDERAL PUBLIC DEFENDER

*s/ Deborah L. Williams*
Deborah L. Williams   (AZ 010537)
Federal Public Defender

Federal Public Defender's Office
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
(614) 469-2999
Deborah_Williams@fd.org

Attorney for Brandon Campbell

**LEGAL MEMORANDUM**

**I. OBJECTIONS TO PRESENTENCE REPORT**

**A. Criminal History Points**

Mr. Campbell objects to the assignment of criminal history points based on two juvenile adjudications (Docket Nos. 18JU13383 and 20JU3489). Those points are assigned under USSG §4A1.1(e).

USSG §4A1.2 provides the definitions for terms involved in computing criminal history under §4A1.1. Subsection 4A1.2(d)(2) provides that 1 criminal history point (for a total of 4 points) may be assigned "for each adult or juvenile <u>sentence</u> imposed within five years of the defendant's commencement of the instant offense not covered in (A)." Application Note 1 of §4A1.2 defines a "prior sentence" as "a <u>sentence</u> imposed prior to sentencing on the instant offense."

In both of the above-referenced juvenile adjudications, the juvenile magistrate ordered only that the case was to be held open until a specific date. The magistrate did not impose a specific sentence. Ohio Juvenile Rule 29(F) sets forth the procedures to be followed upon determination of the issues involved in an adjudication hearing, and (F)(2) provides four options following a finding of adjudication: adjudicate and proceed to disposition, adjudicate and

2

continue for disposition within 6 months, postpone adjudication for up to 6 months, or dismiss the complaint.  Leaving a case open to a specific date, without more, does not appear to comport with any of the available options.  Unless the final result of Mr. Campbell's cases was dismissal, which is option four, it appears that Mr. Campbell was never sentenced.  In that event, these adjudications would not qualify as "prior sentences" as defined in USSG 4A1.2.  If the cases were in fact dismissed, as provided in option four, they would not qualify as "prior sentences."

The government's response provides no authority that suggests otherwise, and it appears that the government may misunderstand the objection.  In both of the two adjudications listed above, it does not appear that any of the four available sentencing options occurred.  If the two cases were held open and then the complaint was dismissed, they are not countable as prior sentences.  If the cases were held open for 30 days and nothing else happened, which does not comport with the four options, it would appear that there has been no sentencing and they are not countable as prior sentences.  Either way, these two points should not be counted.  The result would be a Criminal History score of II with a guideline range of 70-87 months.

B.  **Overrepresentation of Criminal History**

Mr. Campbell is 21 years old and has one adult conviction for which he served 9 days in jail.  With the exception of the one point assigned to that conviction, his entire criminal history occurred while he was a juvenile.  None of that conduct was violent, and all of it appears to stem from joyriding.  Nevertheless, this childhood conduct plays a very significant role in the determination of his sentence.  A typical adult with a Criminal History III (4-6 points) is on the verge of a significant amount of criminal history, and likely has spent at least some time in prison.  Mr. Campbell is just barely an adult, and has never been to prison, but his repeated joyriding adventures result in his being incarcerated with adults who have significantly more

experience in the criminal justice system. The points resulting from his juvenile adjudications have an undue weight on his criminal history and should be considered to overrepresent his past criminal conduct.

## II. SENTENCING MEMORANDUM

### A. Applicable Law

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court formally announced the the two-step analysis that a district court should apply to determine a sentence that is sufficient, but not greater than necessary, to vindicate Congress' mandate that was codified for sentencing. First, "a district court should begin all sentencing proceedings by correctly calculating the applicable guideline range." 553 U.S. at 49. The Guidelines are "the starting point and the initial benchmark." *Id*. Second, "after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the §3553(a) factors to determine whether they support the sentence requesting by a party. *Id.* at 50.

The Court "may not presume that the Guideline range is reasonable." *Id.* Rather, the Court must make an "individualized assessment based on the facts presented." *Id.* The sentencing court is "free to make its own reasonable application of the 18 U.S.C. § 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough v. United States*, 552 U.S. 85, 113 (2007) (Scalia, J., concurring). "[E]xtraordinary circumstances [are not required] to justify a sentence outside of the Guidelines range." *Gall* at 47.

After considering the Guidelines, the Court must then turn to Title 18 USC 3553(a) which requires the court to look at a variety of factors beyond the Sentencing Guidelines. Those factors include but are not limited to the need to promote respect for the law, the need to provide

4

just punishment and adequate deterrence, and the need to protect the public.

      **B.    Factor Analysis.**

Brandon was raised by his mother, in Columbus. He has a close relationship with his brothers, who live with their mother, and also with one of his half-siblings who lives elsewhere. He had a distant and sketchy relationship with his father because his father has been in prison since Brandon was 6 months old. Brandon broke off that relationship and disavowed his father at age 13.

Brandon's mother is a strong woman and he recognizes that she has struggled and sacrificed for her family even while dealing with her own medical issues. She has worked hard to serve as both parents for Brandon, and she did everything she could to keep him out of the streets. As the presentence report describes, and counsel has experienced during many phone calls, Brandon's mother is a very supportive parent who continually worries about her son and what is going on with him. She pushed him to stay in school, and sports played a big role in his life until injuries interfered. Once he could no longer participate in sports, he lost sight of the reason to stay in school and his own bad choices took him into the streets. To his credit, he did take advantage of his time in the juvenile system and obtained his GED.

The presentence report accurately describes Brandon's medical issues, and his back and chest pain have been a continuing problem while incarcerated. He has had ongoing issues related to his spinal curvature and last saw his doctor two months before the instant offenses.

Counsel agrees with Brandon and his mother that counseling is appropriate. He sought counseling services while he was in Franklin Co. Jail and also at CCNO in northern Ohio. The presentence report shows that he was using opiates during the time period when the instant offense occurred and shortly before he was arrested. Substance abuse counseling is warranted.

There is no question that armed robbery is a serious offense and the postal carriers were emotionally affected by the robberies.   While the advisory Guidelines call for a lengthy prison sentence, counsel does not agree that a "maximum" prison sentence is warranted.   Brandon has a very supportive family, and he is young enough to benefit from whatever programs he can access in BOP (many programs and benefits will not be available because his offense involved a gun) and also during supervised release.   He knows that his mother has medical issues that are sufficiently serious that they recently necessitated a 3-month medical leave of absence from work, and it is important that he is present for his mother.   He stands at a crossroads where he is still young enough to learn from this experience and change his life and he has the on-going support necessary to make the right choice.

For these reasons, the defense requests a sentence at the bottom of the advisory Guidelines.

DATED this 20th day of July, 2022.

Respectfully submitted,

DEBORAH L. WILLIAMS
FEDERAL PUBLIC DEFENDER

/s/   Deborah L. Williams
Deborah L. Williams (AZ 010537)
Federal Public Defender

Federal Public Defender's Office
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
(614) 469-2999
Deborah_Williams@fd.org

Attorney for Brandon Campbell

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of this Memorandum was electronically served

upon Assistant United States Attorney Noah Litton, Office of the United States Attorney, 303 Marconi Blvd., Suite 200, Columbus, Ohio, on the date of the filing.

                                    /s/    *Deborah L. Williams*
                                    Attorney for Brandon Campbell